(971 P.2d 752)
No. 80,813

STATE OF KANSAS, *Appellee*, v. NOLA L. BEAM, *Appellant*.

Opinion filed December 11, 1998.

*B.A. Lightfoot*, of Jetmore, for the appellant.

*Heidi L. Beeson*, assistant county attorney, and *John M. Settle*, county attorney, for the appellee.

Before RULON, P.J., PIERRON and MARQUARDT, JJ.

PIERRON, J.: Nola L. Beam appeals her conviction for driving while under the influence of alcohol pursuant to K.S.A. 1997 Supp. 8-1567(a)(2). She filed a motion to suppress evidence of a blood test because the hospital required her to sign an additional consent or waiver in order for the blood to be drawn. The motion was denied. The blood test results showed Beam's blood alcohol concentration was .15. Beam argues the hospital's consent was contrary to K.S.A. 1997 Supp. 8-1001(c) and the evidence should be suppressed. We disagree.

After listing the individuals who can withdraw blood for a blood alcohol test, 8-1001(c) provides:

"When presented with a written statement by a law enforcement officer directing blood to be withdrawn from a person who has tentatively agreed to allow the withdrawal of blood under this section, the person authorized herein to withdraw blood and the medical care facility where blood is withdrawn may rely on such a statement as evidence that the person has consented to the medical procedure used and shall not require the person to sign any additional consent or waiver form. In such a case, the person authorized to withdraw the blood and the medical care facility shall not be liable in any action alleging lack of consent or lack of informed consent. No person authorized by this subsection to withdraw blood, nor any person assisting in the performance of a blood test nor any medical care facility where blood is withdrawn or tested that had been directed by any law enforcement officer to withdraw or test blood, shall be liable in any civil or crim-

inal action when the act is performed in a reasonable manner according to generally accepted medical practices in the community where performed."

Interpretation of a statute is a question of law upon which this court has unlimited review. See *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998).

The district court's interpretation of 8-1001(c) is correct. The court found the consent form used at the hospital and the consent provided for in 8-1001(c) "are to protect the hospital, not the defendant." K.S.A. 1997 Supp. 8-1001(c) does not create a right or remedy for the defendant. Rather, it provides for the protection from civil or criminal liability of persons or medical care facilities that withdraw blood from a defendant accused of driving under the influence of alcohol or drugs. In any event, Beam executed the hospital's consent form and therefore consented to the blood test.

Furthermore, 8-1001(c) is not mandatory in the manner argued by Beam. She extracts certain portions of the statute, without considering the statute as a whole, in order to contend that hospitals shall never request additional consent when they can rely on the officer's statements. K.S.A. 1997 Supp. 8-1001(c) permits the persons or medical care facilities withdrawing the blood to rely on the officer's statement that the defendant has consented to the blood test and therefore they need not obtain additional consent. K.S.A. 1997 Supp. 8-1001(c) does not require that the persons or medical care facilities dispense with additional consent, only that it is not necessary. The statute directs that civil or criminal liability will not attach if the consent is dispensed with due to the officer's statements.

Affirmed.